

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-25-00155-CV

---

TALEK SHERMAN, Appellant

V.

BRAIN SETTER AND VETS SECURING AMERICA, Appellees

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2024-008400-1

---

Before Kerr, Womack, and Walker, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

A party cannot request a specific action from a trial court and then appeal an order granting that request. Here, Appellant Talek Sherman attempts to appeal the trial court's dismissal of his lawsuit under Rule 91a, which he agreed to during a hearing on Appellees Brian[1] Setter and Vets Securing America's Rule 91a motion: "[MR. SHERMAN]: Okay, dismiss it." Accordingly, we conclude that Sherman has invited any error in the trial court's dismissal of his lawsuit. We will affirm.

## I. Factual and Procedural Background

Pro se litigant Sherman filed the following original petition against Setter and Vets Securing America, which we quote:

> To The Honorable Judge of said court Talek Sherman (plaintiff) Complains of Brain Setter and Vets Securing America ("defendant(s)") and For its Cause of action would respectfully show the Court as Follows. This cause of action Is governed by the rules For expedited Actions under the Texas Rules of Civil Procedure Rule 169 because the Plaintiff is seeking only monetary relief of two hundred and FiFty thousand dollars and penalties and attorney's Fee and costs. Discovery is intended to be Conducted under Level 1 of Rule 19.02 of Texas Rules of Civil Procedure. Damages sought are within the Jurisdictor limits of the Court.

Setter and Vets Securing America answered, asserting numerous affirmative defenses and demanding arbitration under an employment agreement with Sherman.

---

[1]Sherman sued "Brain Setter" and used that name throughout his filings, which is also in the case caption. In his answer, Setter stated that his name is Brian, but in his other filings, Setter used the name "Brain."

Setter and Vets Securing America then filed a combined Rule 91a motion with an alternative motion to compel arbitration. *See* Tex. R. Civ. P. 91a. Despite the fact that Sherman's petition states no facts or a specific cause of action against Setter or Vets Securing America, they urged dismissal because Sherman had not pleaded that he had exhausted his administrative remedies under certain employment statutes. They alternatively urged the court to compel arbitration. Sherman did not file a response.

The trial court conducted a hearing on the motion. During the hearing, Setter and Vets Securing America stated that they "[we]re presuming" the case was about age and disability discrimination and asked the trial court to either dismiss it or compel arbitration. The trial court then read Sherman's petition and stated, "I should dismiss it, because I don't see any cause of action." The trial court and defense counsel discussed the propriety of dismissing the case under Rule 91a, and then the trial court and Sherman had the following exchange, in which Sherman agreed to the trial court's decision to dismiss his case:

> THE COURT: I don't know why 91a doesn't apply. I'm going to dismiss your claim because it fails to state a claim against anybody.
>
> MR. SHERMAN: You doing it again?
>
> THE COURT: I don't know I've done it before.
>
> MR. SHERMAN: Okay, **do it again**. Because I was on my way to work. I was supposed to be there at work. Why are you dismissing this?
>
> THE COURT: You do not state a claim against any party for which relief can be granted.

MR. SHERMAN: They escorted me off the premises while I was doing my job.

THE COURT: Do an order granting Defendant's Rule 91a motion to dismiss.

MR. SHERMAN: **Okay, dismiss it.**

THE COURT: Yes, sir, I am.

MR. SHERMAN: **Do it.**

THE COURT: Thank you. Okay, we're done. [Emphases added.]

The trial court then dismissed Sherman's claims and causes of action in an "Order" indicating it was intended to be final and appealable. Despite telling the trial court to "dismiss it," and following up "[d]o it," Sherman appeals the dismissal.[2]

## II. Discussion

Sherman's brief is not the model of clarity. In fact, it contains no record references, lacks any citations to authority, and in many other respects fails to comply with Rule 38.1. *See* Tex. R. App. P. 38.1. We previously pointed out Sherman's briefing deficiencies and gave him an opportunity to file a corrected brief, but his corrected brief remains noncompliant and devoid of a clear and concise argument. *See*

---

[2]We take judicial notice that after Sherman had perfected this appeal, a different Tarrant County statutory county court at law has declared Sherman a vexatious litigant. Available at http://www.txcourts.gov/judicial-data/vexatious-litigants/ (last visited Oct. 22, 2025). *See Hornbuckle v. Keller Williams Realty*, No. 02-15-00398-CV, 2016 WL 7405807, at *1 & nn.2–3 (Tex. App.—Fort Worth Dec. 22, 2016, no pet.) (mem. op.); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 11.104(b) (requiring the Office of Court Administration to post on its website a list of vexatious litigants subject to a prefiling order).

4

Tex. R. App. P. 38.8(a), 38.9(a), 42.3. We could decide this appeal based on the inadequacy of Sherman's briefing,[3] but liberally construing his brief as raising a single global issue challenging the trial court's dismissal of his "cause of action"[4]—which Sherman requested—we instead decide it upon the invited-error doctrine.

As the Supreme Court of Texas has explained, "a party cannot complain on appeal that the trial court took a specific action that the complaining party requested, a doctrine commonly referred to as 'the invited[-]error' doctrine." *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005) (quoting *Ne. Tex. Motor Lines v. Hodges*, 158 S.W.2d 487, 488 (1942)). "The rule is grounded in justice and dictated by common sense." *Id.* at 861 (citing *Hodges*, 158 S.W.2d at 488). To illustrate, this court has previously held that when a party affirmatively requests a nonsuit of its claims,

---

[3]*See* Tex. R. App. P. 38.1(i); *Irisson v. Lone Star Nat'l Bank*, No. 13-19-00239-CV, 2020 WL 6343336, at *3 (Tex. App.—Corpus Christi–Edinburg Oct. 29, 2020, no pet.) (mem. op.) ("When an appellant's brief fails to contain clear and concise argument for the contentions made with appropriate citations to authorities, the appellate court is not responsible for doing the legal research that might support a party's contentions."); *Richardson v. Marsack*, No. 05-18-00087-CV, 2018 WL 4474762, at *1 (Tex. App.—Dallas Sept. 19, 2018, no pet.) (mem. op.) ("Our appellate rules have specific requirements for briefing," including requiring "appellants to state concisely their complaints, to provide succinct, clear, and accurate arguments for why their complaints have merit in law and fact, to cite legal authority that is applicable to their complaints, and to cite appropriate references in the record.").

[4]In his brief, Sherman frames his appellate complaints by referencing the dismissal of his wrongful-termination, age-discrimination, retaliation, pay-discrimination, and other employment claims—none of which are pleaded in his original petition. *See Bos v. Smith*, 556 S.W.3d 293, 306 (Tex. 2018) ("A liberal construction does not require a court to read into a petition what is plainly not there." (citation modified)).

that party cannot then challenge the trial court's dismissal of such claims. *Swain v. Hutson*, No. 2-09-038-CV, 2009 WL 3246750, at *6 (Tex. App.—Fort Worth Oct. 8, 2009, pet. denied) (mem. op.)

Because Sherman (1) filed no response objecting to the Rule 91a motion and (2) instead affirmatively responded to the trial court's statement that it intended to dismiss his lawsuit under Rule 91a by first agreeing "[o]kay, dismiss it," and then confirming "[d]o it," Sherman cannot complain on appeal that the trial court erred by dismissing his "cause of action" against Setter and Vets Securing America. *See Tittizer*, 171 S.W.3d at 862; *Swain*, 2009 WL 3246750, at *6. We overrule Sherman's sole appellate issue.

### III. Conclusion

Having overruled Sherman's sole issue, we affirm the trial court's dismissal order.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  October 23, 2025

6